# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

BUCKHORN, INC., *et al.*

          Plaintiffs,

   v.                              Case No. 10-MC-71

ORBIS, INC. *et al.*,

          Defendants.

## ORDER

Buckhorn, Inc. filed a patent infringement lawsuit in the Southern District of Ohio. It subpoenaed non-party James Kotek, the former CEO of Defendant ORBIS, Inc., seeking to depose him and obtain documents from him. Kotek, presently the CEO of Menasha Corporation, filed a motion to quash on the grounds that the discovery sought would be unduly burdensome; he further argued that the information would be available from employees of the Defendants.

In its brief, Buckhorn explains that it wants to ask Kotek about ORBIS' acquisition of a company called Linpac Material Handling, Inc. and certain agreements entered into between ORBIS and Linpac relating to that transaction. In particular, Buckhorn believes that certain indemnification and notice provisions in these and other agreements evidence Kotek's and ORBIS' heightened concerns that some of Linpac's products may have been infringing patents licensed to Buckhorn. Buckhorn would like to explore ORBIS' (failed) attempts to acquire the patented products at issue in the underlying infringement case, as well as its efforts to acquire the products of Linpac, a competitor to the patented products. Buckhorn asserts that Kotek is the only one who was a

signatory to all of the relevant agreements and thus he is the only one with knowledge of their terms and ORBIS' strategy at the time.

Kotek protests that current ORBIS employees would also have the relevant knowledge. In particular, ORBIS has identified an in-house attorney who was involved in negotiating the agreements at issue. Moreover, to the extent Buckhorn would ask about Kotek's interpretation of the agreements, that would be irrelevant because Kotek is not an attorney and the agreements speak for themselves.

First, although Buckhorn has explained why it wants to depose Kotek, it has not tied its desire to the question of relevance in the underlying infringement action. Entering into indemnification agreements in connection with corporate acquisitions is nothing new, and it remains unclear how a CEO's subjective view of potential patent liability, or his knowledge about other agreements, would be relevant to the questions of infringement. At best these seem like ancillary matters. And if the relevance arises out of the Defendants' "failure to mark" affirmative defense, presumably there are numerous other sources at ORBIS who could speak to that question.

In addition, Buckhorn has not sufficiently explained why ORBIS' current employees would not be able to provide the information it now seeks. Kotek is correct that non-parties are entitled to slightly more protection from discovery requests, and there is little indication in the briefs that he is the only person available who might be able to answer Buckhorn's questions. Whether someone is a CEO or not, it is a large imposition to require that person to take a day or more out of his schedule to answer questions about a four-year-old acquisition. Absent more compelling reasons or an explanation that the information is both relevant and not available elsewhere, I am unwilling to compel Kotek's presence or responses to Buckhorn's discovery requests.

Accordingly, the motion to quash is **GRANTED**.

**SO ORDERED** this __30th__ day of November, 2010.

__s/ William C. Griesbach__
William C. Griesbach
United States District Judge
